IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MADUAGU,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:19-cr-0190<br><br>Judge Clark Waddoups |

    This matter is before the court on Defendant David Maduagu's Motion for Early Termination of Supervised Release. On September 28, 2020, Mr. Maduagu pled guilty to Count 5 of the Superseding Indictment for Conspiracy to Commit Money Laundering. Statement in Advance of Plea, at ¶¶ 1, 11 (ECF No. 220). The court sentenced Mr. Maduagu to 26-months imprisonment, with credit for time served, and a 36-month term of supervised release. Judgment, at 2–3 (ECF No. 250). Mr. Maduagu also has a restitution order against him for $3,617,026.30. *Id.* at 6.

    A court has authority to terminate supervised release early pursuant to 18 U.S.C. § 3583(e)(1) if, when balancing the factors stated in 18 U.S.C. § 3553(a), the court concludes such relief is warranted. In part, Mr. Maduagu requests termination of supervised release so he may pursue truck driving "across the states." Mot. for Early Term., at 2 (ECF No. 502). The United States recognizes that Mr. Maduagu has pursued "legitimate work and [is] making most of his

restitution payments." Mem. in Opp'n, at 1 (ECF No. 513). It opposes the motion, however, "because of the seriousness of the crimes he committed, the enduring harms to the victims, the need for restitution, and the significant amount of funds he transported abroad in comparison" to the amount "paid in restitution thus far." *Id.*

Like the United States, the court recognizes Mr. Maduagu has substantially complied with the terms of his supervision. Nevertheless, when evaluating each of the § 3553(a) factors, the court does not find early termination of supervised release is warranted. Mr. Maduagu committed a serious crime, with a number of victims. He has not entered an agreement with the U.S. Attorney's Office - Financial Litigation Unit yet to address how restitution will be collected upon termination of supervised release. Were the court to terminate supervision early under such circumstances, it would fail to reflect the seriousness of Mr. Maduagu's crime and the need for redress. *See United States v. Zwiebel*, No. 2:06-cr-720-DAK, 2017 U.S. Dist. LEXIS 62059, at *2–3 (D. Utah Apr. 24, 2017) (stating early termination may impact the message society receives about a crime's seriousness and lower the likelihood of deterrence).

The court notes, however, that one reason Mr. Maduagu seeks early termination is to allow him to become a truck driver across state lines. That, in turn, will help improve his financial situation and his ability to increase his restitution payments. Termination of supervised release is not necessary to accomplish that goal. Mr. Maduagu may move for modification of the terms of his supervision to allow for such employment.

Taking all § 3553 factors into consideration, the court denies Mr. Maduagu's Motion for Early Termination of Supervised Release (ECF No. 502).

DATED this 13th day of October, 2023.

BY THE COURT:

_Clark Waddoups_
Clark Waddoups
United States District Judge